17-1318

RECEIVED
FEB - 8 2017
U.S.C.A. 3rd. CIR

# UNITED STATES COURT OF APPEAL FOR THE THIRD 

|  |  |
|---|---|
| Paul Eccleston Jackson, ) ) Petitioner, ) ) v. ) ) Attorney General of the United States, ) ) Respondent. ) ) | Case No. 17-1318 Immigration File No. A-037 457 132 |

## PETITION FOR REVIEW

Pursuant to 8 U.S.C. § 1252(b), Paul Eccleston Jackson ("Petitioner" or "Jackson"), who is currently detained by U.S. Immigration and Customs Enforcement in Pike County, Pennsylvania, hereby petitions for review of an order of the Board of Immigration Appeals ("BIA"). The BIA order was entered on January 17, 2017, and refused to reopen the immigration proceeding that resulted in a final order of removal against Jackson. Attached hereto are copies of the BIA order, Jackson's appeal to the BIA and the immigration judge's denial of Jackson's motion to reopen. No court has upheld the validity of the BIA order or the underlying order of removal; and this Court has stayed the latter.

By means of this petition, Jackson respectfully seeks a determination that he is a citizen of the United States. *See* 8 U.S.C. § 1252(d)(5) (providing that petitioner is entitled to a determination of nationality).

Jurisdiction to hear this petition lies in this Court. *See* 8 U.S.C. § 1252(b) (authorizing petitions for review of final orders of removal); *Luntungan v. Attorney General*, 449 F.3d 551, 555 (3d Cir. 2006) (treating denial of motion to reopen as order of removal for purposes of jurisdiction under § 1252(b)).

Dated: February 8, 2017

Respectfully submitted,

*[signature]*

Joseph Patrick Archie
Jennings F. Durand
Sarah Magen
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-4000

*Pro Bono Counsel for Petitioner*



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**MATTHEWS, PAUL ECCLESTON**
**A037-457-132**
**PIKE COUNTY JAIL**
**175 PIKE COUNTY BLVD**
**LORDS, VALLEY, PA 18428**

**DHS/ICE Office of Chief Counsel - KRO**
**18201 SW 12th St.**
**Miami, FL 33194**

Name: MATTHEWS, PAUL ECCLESTON      A 037-457-132

**Date of this notice: 1/17/2017**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Guendelsberger, John

Userteam: Docket

U.S. Department of Justice   Case 1:18-cv-00026-JEB   Document 2   Filed 12/22/17   Page 4 of 12   Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:   A037 457 132 – Miami, FL                              Date:   JAN 1 7 2017

In re:   PAUL ECCLESTON MATTHEWS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

    A Notice of Appeal (Form EOIR-26) must be filed within 30 calendar days of an Immigration Judge's oral decision or the mailing of a written decision unless the last day falls on a weekend or legal holiday, in which case the appeal must be received no later than the next working day. 8 C.F.R. § 1003.38(b), (c). In the instant case, the Immigration Judge's decision was mailed on January 4, 2016. The appeal was accordingly due on or before February 3, 2016. The record reflects, however, that the Notice of Appeal was both executed and mailed after the due date and filed with the Board of Immigration Appeals on December 27, 2016. We find that the appeal is untimely. The Immigration Judge's decision is accordingly now final, and the record will be returned to the Immigration Court without further action. *See* 8 C.F.R. §§ 1003.3(a), 1003.38, 1003.39, 1240.14 and 1240.15.

    Because we are dismissing the appeal as untimely, either party wishing to file a motion in this case should follow the following guidelines: If you wish to file a motion to reconsider challenging the finding that the appeal was untimely, you must file your motion with the Board. However, if you are challenging any other finding or seek to reopen your case, you must file your motion with the Immigration Court. *See Matter of Mladineo*, 14 I&N Dec. 591 (BIA 1974); *Matter of Lopez*, 22 I&N Dec. 16 (BIA 1998). You should also keep in mind that there are strict time and number limits on motions to reconsider and motions to reopen. *See* sections 240(c)(6)(A) & (B) and 240(c)(7)(A) & (C) of the Immigration and Nationality Act, 8 U.S.C. §§ 1229a(c)(6)(A) & (B) and (c)(7)(A) & (C); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).

    In light of the foregoing, the following order will be entered.

    ORDER: The record is returned to the Immigration Court without further action.

FOR THE BOARD

. Department of Justice
cutive Office for Immigration Review
rd of Immigration Appeals

OMB# 1125-0002
**Notice of Appeal from a Decision of an Immigration Judge**

| List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s): | For Official Use Only |
|---|---|
| PAUL ECCLESTON JACKSON A-037-457-132 | |

**!** **WARNING:** Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

I am  ☑ the Respondent/Applicant     ☐ DHS-ICE  *(Mark only one box.)*

I am  ☑ DETAINED                     ☐ NOT DETAINED  *(Mark only one box.)*

My last hearing was at  KROME DETENTION CENTER, MIAMI, FLORIDA  *(Location, City, State)*

---

**What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated _____ .

☐ I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?  ☐ Yes.  ☐ No.)

☑ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated January 04, 2016 .

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Oct. 2016

State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet. *I am appealing the Immigration Judge decision due to the fact I am a United States Citizen.*

*(Attach additional sheets if necessary)*

> **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

Do you desire oral argument before the Board of Immigration Appeals?   ☐ Yes   ☒ No

Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☐ Yes   ☒ No

> **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.
>
> If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

SIGN HERE →   X *Paul Eccleston Jackson*   12-23-2016
Signature of Person Appealing   Date
*(or attorney or representative)*

Form EOIR-26
Revised Oct. 2016

| 10. Mailing Address of Respondent(s)/Applicant(s) | 11. Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|---|
| PAUL ECCLESTON JACKSON (Name) | (Name) |
| 175 PIKE COUNTY BLVD (Street Address) | (Street Address) |
| (Apartment or Room Number) | (Suite or Room Number) |
| LORDS VALLEY, PA. 18428 (City, State, Zip Code) | (City, State, Zip Code) |
| (Telephone Number) | (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

### PROOF OF SERVICE (You Must Complete This)

I PAUL ECCLESTON JACKSON (Name) mailed or delivered a copy of this Notice of Appeal

on 12-23-2016 (Date) to Assistant Chief Counsel, U.S.I.C.E. (DHS) (Opposing Party)

at I.C.E. KROME SERVICE PROCESSING CENTER 18201 SW 12th St., Miami FL 33194
(Number and Street, City, State, Zip Code)

X Paul Eccleston Jackson
Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

### HAVE YOU?

- ☐ Read all of the General Instructions
- ☐ Provided all of the requested information
- ☐ Completed this form in English
- ☐ Provided a certified English translation for all non-English attachments
- ☐ Signed the form
- ☐ Served a copy of this form and all attachments on the opposing party
- ☐ Completed and signed the Proof of Service
- ☐ Attached the required fee or Fee Waiver Request
- ☐ If represented by attorney or representative, attach a completed and signed EOIR-27

Page 3 of 3

Form EOIR-26
Revised Oct. 2016

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

OMB# 1125-0003

# Fee Waiver Request

Name: PAUL ECCLESTON JACKSON

Alien Number ("A" Number): 131-457-132

> If more than one alien is included in your appeal or motion, only the lead alien need file this form. This form is to be signed by the alien, not the alien's attorney or representative of record.

I, PAUL ECCLESTON JACKSON, declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that I am the person above and that I am unable to pay the fee. I believe that my appeal/motion is valid, and I declare that the following information is true and correct to the best of my knowledge:

Assets

| | |
|---|---|
| Wages, Salary | $ 0.00 /month |
| Other Income (business, professional services, self-employed/independent contracting, rental payments, etc.) | $ 0.00 /month |
| Cash | $ 0.00 |
| Checking and/or Savings | $ 0.00 |
| Property (real estate, automobile(s), stocks, bonds, etc.) | $ 0.00 |
| Other Financial Support (public assistance, alimony, child support, gift, parent, spouse, other family members, etc.) | $ 0.00 /month |

Expenses (including dependents)

| | |
|---|---|
| Housing (rent, mortgage, etc.) | $ 0.00 /month |
| Food | $ 0.00 /month |
| Medical/Health | $ 0.00 /month |
| Utilities (phone, electric, gas, water, etc.) | $ 0.00 /month |
| Transportation | $ 0.00 /month |
| Debts, Liabilities | $ 0.00 /month |
| Other _____ (specify) | $ 0.00 /month |

Signature of Alien: Paul Eccleston Jackson
Date: 12-23-2016

Attorney or Representative (if any):

I hereby attest that I have reviewed the details provided herein and I am satisfied that this fee waiver request is made in good faith.

_____  _____
Signature of Attorney or Representative    Date

_____
Print Name

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is one (1) hour. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

Privacy Act Notice
The information on this form is requested to determine if you have established eligibility for the fee waiver you are seeking. The legal right to ask for this information is located at 8 C.F.R. § 1003.8(a)(3). EOIR may provide this information to other Government agencies. Failure to provide this information may result in denial of your request.

Form EOIR-26A
Rev. July 2015

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
KROME SERVICE PROCESSING CENTER
MIAMI, FLORIDA

IN THE MATTER OF: )
)
JACKSON, Paul )
(a.k.a Paul Matthews) )
A# 037-457-132 ) IN REMOVAL PROCEEDINGS
)
RESPONDENT )
_____)

**On Behalf of Respondent**
*Pro Se*

**On Behalf of the Department**
Andrew Brown, Assistant Chief Counsel
Department of Homeland Security
18201 SW 12th Street
Miami, Florida 33194

## DECISION OF THE IMMIGRATION COURT

Respondent moves this Court to reopen his case. See Respondent's Motion to Reopen (filed Dec. 14, 2015) ("Respondent's Motion"). On April 4, 2012, the Department of Homeland Security (Department) filed a Notice to Appear (NTA) with the Court, charging him as inadmissible pursuant to section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act (Act).[1] See Exhibit (Exh.) 1. On April 5, 2012, Respondent filed a request for expedited deportation or removal. See Exh. 2. On April 10, 2012, Respondent admitted all charges on the NTA, including that he is a native and citizen of Jamaica. This Court sustained Respondent's charge of inadmissibility and ordered Respondent removed to Jamaica based on his request and admissions.

A motion to reopen must be submitted to the Court within ninety days of the date of the final administrative order of removal. 8 C.F.R. § 1003.23(b) (2015). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). The motion will not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. Id. The Court issued an order of removal on April 10, 2012, and Respondent filed his motion on December 14, 2015. See Respondent's Motion. Thus, this motion is not timely filed.

---

[1] Respondent was previously ordered removed to Jamaica on December 7, 1992 and April 26, 1994.

1

Even if the motion was filed timely, the Court will not reopen Respondent's case because the evidence submitted is not material and could have been discovered and presented at the former hearing. Respondent contends that he derived United States (U.S.) citizenship through Herbert Jackson who he believes is a U.S. citizen and his biological father. See Respondent's Motion (citing statutes and various sources, including 8 U.S.C. §§ 1101(c)(1), 1401(a)(7); section 2 of the Jamaica Legitimacy Act; Md. Estates and Trusts Code Ann., Illegitimate child § 1-208 (1974); and Md. Cts. & Jud. Proc. Code Ann. § 3-602 (1974)); Respondent's Motion to Dismiss Department's Motion (filed Dec. 31, 2015). Respondent submitted numerous documents which appear to have existed between 1967 and 2008. See id. (Visa Registration, Form 230 (issued Jun. 17, 1981); Certificate of Marriage (issued Dec. 2, 1971); Birth Certificate (issued Oct. 6, 1967); Certificate of Name Change (issued Sept. 11, 1973); School Registration Form (issued in 1981); Emergency Certificate (issued Jan. 26, 1993); U.S. Immigration and Customs Enforcement ("ICE") Travel Request (Nov. 24, 2008)). Respondent was ordered removed in 2012; as such, these documents could have been discovered and presented at the former hearing. The only evidence submitted that came into existence after the hearing date were affidavits which he and his Godmother wrote but which contain no new information, as well as an ICE email chain and notice of denial regarding his Application for Certificate of Citizenship, Form N-600, issued by United States Customs and Immigration Services ("USCIS"). See id. (Respondent's Affidavit (sworn on Jan. 3, 2013); Affidavit of Evangeline Kemp (sworn Dec. 20, 2013); ICE Email Chain (Dec. 2012); USCIS Notice of Denial (issued Dec. 4, 2013)). Respondent and his Godmother could have submitted their affidavits at the former hearing, but they did not.

Moreover, former section 321 of the Act confers derivative citizenship to a child born outside the U.S. to alien parents only with the naturalization of both parents, the surviving parent if one parent is deceased, or the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation. See § 321 of the Act (1985) (repealed). Such naturalization must take place when the child is under the age of eighteen and residing in the U.S. pursuant to a lawful admission for permanent residence at the time of the naturalization of the parents, or thereafter begins to reside permanently in the U.S. while under the age of eighteen years. See id. Respondent demonstrated that he was born in 1967. See Respondent's Motion. However, he failed to provide any proof of Herbert Jackson's U.S. citizenship, proof that one parent filed an Application for a Certificate of Citizenship for him, or proof of naturalization for either of his parents. See id.; see also Department of Homeland Security's Opposition to Motion to Reopen (filed Dec. 16, 2015) ("Department's Motion"). As such, former section 321 of the Act applies to Respondent. See Matter of Rodriguez-Tejedor, 23 I&N Dec. 153, 163 (BIA 2001) ("The statute in effect at the time of the person's birth is generally controlling in determining whether an individual acquired citizenship at birth."). However, Respondent also failed to provide sufficient proof of biological paternity or adoption by Herbert Jackson. See Respondent's Motion. ICE's email chain and USCIS's notice of denial support the conclusion that Respondent has not derived citizenship from Herbert Jackson. See id. (ICE Email Chain; USCIS Notice of Denial). Thus, Respondent's evidence is not material, and his Motion to reopen is denied.

2

## ORDER

IT IS HEREBY ORDERED that Respondent's Motion to Reopen be **DENIED**.

DATED this 4th day of January, 2016.

_____
Honorable John Opaciuch
Immigration Judge

Appeal due: Feb 4, 2016

CERTIFICATE OF SERVICE

I, Sarah Magen, hereby certify that, on February 8, 2017, I caused the individuals identified below to be served with the foregoing Petition for Review by placing into the U.S. Mail, first-class postage paid, four true and complete copies addressed as follows:

> Attorney General of the United States
> United States Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001
>
> Director
> Office of Immigration Litigation
> United States Department of Justice / Civil Division
> 1331 Pennsylvania Avenue, NW
> Washington, DC 20004
>
> Donna Carr, Chief Clerk
> Board of Immigration Appeals
> 5107 Leesburg Pike (Suite 2000)
> Falls Church, VA 22041
>
> Director of Enforcement and Removal Operations
> ICE Miami Field Office
> 865 SW 78th Avenue (Suite 101)
> Plantation, FL 33324

*Sarah Magen*
Sarah Magen

16145700.1.LITIGATION